UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JUSTIN ALLEN TODD,

    Plaintiff,

v.

OREGON DEPARTMENT OF
CORRECTIONS, COLETTE PETERS, STEVE
SHELTON, GARTH GULICK, THOMAS
BRISTOL, ROBERT WHITE, D. DEWSNIP,
MICHAEL PEURINI,

    Defendants.

Case No. 2:16-cv-00878-YY

FINDINGS AND
RECOMMENDATION

YOU, Magistrate Judge:

Plaintiff is a self-represented litigant who is currently incarcerated at Two Rivers Correctional Institution. His complaint alleges a single claim of cruel and unusual punishment under the Eight Amendment for lack of medical treatment while previously housed at Snake River Correctional Institution ("SRCI"). Amended Complaint, ECF #9, at 4. Defendants include the Oregon Department of Corrections ("ODOC"), ODOC's Director, Colette Peters, ODOC's Medical Director, Steve Shelton, and several members of SRCI's medical staff.[1] *Id*., at

---

[1] The pleadings do not specify whether the individual defendants are sued in their individual capacity, official capacity, or both. Analysis of the "basis of the claims asserted and nature of relief sought" is normally necessary to resolve that issue. *Price v. Akaka*, 928 F.2d 824, 828 (9th

1 – FINDINGS AND RECOMMENDATION

3. Defendants have moved for summary judgment on the basis that plaintiff failed to exhaust his administrative remedies. ECF #22. Plaintiff has failed to file a response. For the reasons discussed below, defendants' motion for summary judgment should be GRANTED.

## FINDINGS

**I.     Failure to Respond to Motion for Summary Judgment**

Plaintiff has not filed any response to defendants' motion for summary judgment. Plaintiff's failure to respond should be viewed as a concession of defendant's motion. *See Lykins v. Hohnbaum*, No. CIV. 01-63-JO, 2002 WL 32783973, at *3 (D. Or. Feb. 22, 2002) (finding plaintiff conceded dismissal of a claim on motion for summary judgment by not addressing it); *Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*, No. CV11-06358-MMM(CWx), 2012 WL 12885073, at *10 (C.D. Cal. Oct. 29, 2012) (by failing to oppose defendants' motion for summary judgment on damages claim, plaintiff abandoned right to seek such damages); *Bolbol v. City of Daly City*, 754 F.Supp.2d 1095, 1115 (N.D. Cal. 2010) ("[P]laintiff fails to address this issue in her opposition brief and apparently concedes that she may not proceed on this claim. Accordingly, the court grants summary judgment in favor of defendants as to this claim"); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 496 (E.D. Pa. 2003) ("Plaintiff makes no response to this argument, and thus has waived his opportunity to contest it. Therefore, summary judgment is appropriate").

**II.    Failure to Exhaust**

Plaintiff filed an inmate grievance form dated May 21, 2014, which was received on May 23, 2015. Dec. James Taylor, ECF 21, at ¶ 11. On June 13, 2014, a nurse manager responded to the grievance (*id.* at ¶ 12), and plaintiff filed his first level appeal on June 24, 2014. *Id.* at ¶ 13.

---

Cir. 1990) (citation omitted). However, because this action suffers from several fatal flaws, this court need not conduct that analysis.

However, plaintiff also filed a tort claim notice on June 24, 2014.  *Id.*  Accordingly, his first level appeal was returned to him pursuant to OAR 291-109-0160(4), which states that, "If at any time the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate."  Plaintiff filed a second level appeal dated August 29, 2014, which was received by the grievance coordinator on September 22, 2014, and returned to plaintiff on the same day because he had filed a tort claim notice.  *Id.* at ¶ 14.  Plaintiff resubmitted his second level appeal on October 2, 2014, which was rejected and returned for the same reason.  *Id*. at ¶ 15.

By filing a tort claim notice without first exhausting his appeals, plaintiff failed to follow ODOC's three-level grievance and remedy process.  *See* OAR 291-109-0150-0180.  "The PLRA requires a prisoner to exhaust 'available administrative remedies' before bringing an action with respect to prison conditions."  *Williams v. Paramo*, 775 F.3d 1182, 1191–92 (9th Cir. 2015).  Because plaintiff failed to exhaust his available administrative remedies, this case should be dismissed.

## III.     Conclusion

Summary judgment should be granted against plaintiff's claim on the basis that he has wholly failed to respond to defendants' motion for summary judgment and on the basis that he failed to exhaust his claims.  As a result, this court need not and does not address defendants' remaining arguments.

## RECOMMENDATION

For the reasons set forth above, Defendants' Amended Motion for Summary Judgment (ECF #22) should be GRANTED and judgment should be entered in favor of defendants.

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due Friday, June 30, 2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED June 16, 2017.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge